# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Frank E. KERZISNIK, Attorney at Law.

Supreme Court

*No. 91-2404-D. Filed April 20, 1992.*

(Also reported in 482 N.W.2d 897.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

We review the report of the referee recommending that the license of Attorney Frank E. Kerzisnik to practice law in Wisconsin be revoked for professional misconduct. That misconduct consisted of conversion to his own use of refunds of airline tickets paid for by his law firm and billed to its clients, conversion to his own use of a client's check intended to pay for law firm services and attempts to charge clients for expenses not incurred and for legal work not performed.

License revocation is the most severe discipline to be imposed for attorney professional misconduct and is warranted here. By his misconduct, Attorney Kerzisnik

has demonstrated a fundamental dishonesty that is incompatible with and unacceptable in a person licensed by the Supreme Court to represent the interests of others in the legal system. His repeated use of the funds of others, including those with whom he practiced his profession, violated the lawyer's basic professional duty of honesty and trustworthiness.

Attorney Kerzisnik was admitted to practice law in Wisconsin in 1973 and practiced in Wausau until he ceased practice at the end of 1990. He was suspended from practice October 31, 1991 for failure to pay assessments to the court's Board of Bar Examiners and Board of Attorneys Professional Responsibility. The referee in this proceeding is the Honorable Rodney L. Young, reserve judge.

Answering the complaint of the Board of Attorneys Professional Responsibility (Board), Attorney Kerzisnik admitted the allegations of professional misconduct but asserted that his misconduct resulted from a medical condition or medical incapacity. Thereafter, he and the Board entered into a stipulation in which he pleaded no contest to the misconduct allegations. In that stipulation, Attorney Kerzisnik expressed his intent not to return to the practice of law now or in the foreseeable future or at least until he has recovered from his asserted medical incapacity. He stipulated that any reinstatement of his license to practice law is to be conditioned upon specified requirements directed to his treatment and recovery from that incapacity.

The referee rejected Attorney Kerzisnik's assertion of medical incapacity, noting in his report that his misconduct occurred between February, 1989 and November, 1990, and the psychologist testifying at the disciplinary hearing on the issue of Attorney Kerzisnik's medical condition first saw him as a patient on Novem-

714

ber 15, 1990. Thereafter, Attorney Kerzisnik was referred for treatment of a major depression. The referee also noted that throughout the time he engaged in misconduct, Attorney Kerzisnik "maintained a regular and full schedule of trial work for the firm" and that "[h]is performance as a trial lawyer, his billing practices, expenses and client relationships were never challenged prior to his discharge from the firm."

Based on the stipulation of the parties and the testimony of witnesses and exhibits introduced at the hearing, the referee made the following findings of fact. Between February, 1989 and September, 1990, Attorney Kerzisnik charged 15 airline tickets to his personal credit card, had the law firm at which he was employed pay those charges directly to his credit card company and directed the firm to bill specified clients for the tickets. Without the law firm's or the clients' knowledge, he obtained refunds of those tickets totaling $6,862. In none of those instances did Attorney Kerzisnik return the refunds either to the law firm or to the clients who had been billed. During the same period, Attorney Kerzisnik charged three airline tickets totaling $543 to his personal credit card, had the firm pay for them and bill specified clients for those tickets and used those tickets for himself and his family.

In September, 1989 Attorney Kerzisnik obtained a $500 retainer from a client in a divorce matter. Without his law firm's knowledge or consent, he negotiated the retainer check and converted the proceeds to his own use. In the fall of 1990, he under-reported to his law firm the amount it was to receive for fees and disbursements in a personal injury action in which he represented the claimant and converted to his own use $1,807.72 of the settlement of that claim.

715

In October, 1990 Attorney Kerzisnik sought reimbursement from his law firm for expenses incurred in attending a social event, falsely attributing a claim of $245.26 to the accounts of two clients who had not participated in the event. He also falsely reported to his law firm a claim of having spent time billed at $390 for work he had not actually performed on client matters. The law firm discovered the false claims for expenses and charges before the clients were billed for them.

The referee concluded that Attorney Kerzisnik's actions in these matters constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4.* Rejecting Attorney Kerzisnik's defense of medical incapacity, the referee stated:

> Testimony to the effect that respondent is presently suffering from deep depression and personality disorders is not persuasive that such depression or personality disorders contributed to or even existed during the established two year period of respondent's professional misconduct. An attorney who by

*SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

(a)  violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b)  commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d)  state or imply an ability to influence improperly a government agency or official;

(e)  knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or

(f)  violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; or

(g)  violate the attorney's oath.

reason of a personality disorder is guilty of professional misconduct is not by reason of his disorder absolved from responsibility for its action but thereby subjects himself to discipline. [Citing *State v. Heilprin,* 59 Wis. 2d 312, 207 N.W.2d 878 (1973).]

In addition to license revocation, the referee recommended that Attorney Kerzisnik be required to pay the costs of this proceeding within 60 days and that the order of revocation provide that, in the event he makes application for license reinstatement, Attorney Kerzisnik be required to submit satisfactory evidence that he has fulfilled the conditions set forth in the stipulation concerning treatment for his medical problem.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Kerzisnik's professional misconduct. As discipline for it, we revoke his license to practice law.

While this proceeding was pending, Attorney Kerzisnik submitted a petition to the referee seeking an indefinite medical suspension of his license and asking that the disposition of the proceeding not be published unless and until he seeks license reinstatement. He asserted that publication of the specific factual allegations of misconduct would result in "an unnecessary shaming process" and would be inconsistent with his medical treatment plan. The referee denied that petition.

Thereafter, Attorney Kerzisnik submitted a motion to the court asking that the referee's report, the court's order and the disposition of this proceeding be kept confidential and not published until such time as he seeks reinstatement of his license or his medical incapacity has been resolved. We deny that motion.

IT IS ORDERED that the license of Frank E. Kerzisnik to practice law in Wisconsin is revoked, effective the date of this order.

717

IT IS FURTHER ORDERED that within 60 days of the date of this order Frank E. Kerzisnik pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Frank E. Kerzisnik comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

IT IS FURTHER ORDERED that, as a condition of license reinstatement, Frank E. Kerzisnik establish to the satisfaction of the Board of Attorneys Professional Responsibility that he has complied with the conditions concerning the treatment of his medical condition set forth in the stipulation of the parties in this proceeding.